T.C. Summary Opinion 2007-100

UNITED STATES TAX COURT

RHONDA D. WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11291-06S.                    Filed June 19, 2007.

Rhonda D. White, pro se.

<u>Ashley F. Giles</u>, for respondent.


COHEN, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

Respondent determined a deficiency of $5,761 in petitioner's Federal income tax for 2002 and an addition to tax of $1,326.75 under section 6651(a)(1). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether petitioner is entitled to any deductions disallowed in the statutory notice of deficiency and whether petitioner is entitled to relief under section 6015.

## Background

Certain facts have been deemed stipulated pursuant to Rule 91(f). Petitioner resided in Georgia at the time that her petition was filed. On March 24, 2004, she filed a joint Federal income tax return for 2002 on a Form 1040, U.S. Individual Income Tax Return, with Xavier White. Petitioner filed a Complaint for Divorce from Xavier White on November 28, 2005, and the Final Judgment and Decree was entered on January 17, 2006.

After reviewing the Form 1040 filed by petitioner and her former husband, respondent disallowed the following claimed itemized deductions:

(a) $17,028 of medical and dental expenses;
(b) $8,471 of gifts to charity; and
(c) Job expenses and other miscellaneous deductions comprised of:
 (1) $16,649 of unreimbursed vehicle mileage expense;

    (2) $1,258 of uniform expense;
    (3) $468 of cell phone expense;
    (4) $216 of pager expense;
    (5) $185 of tax preparation fees; and
    (6) $2,450 of attorney and accounting fees.

In her petition, petitioner maintains that she "was unaware and not privy to what was filed" on the tax return submitted for 2002, and she requests relief from joint and several liability on a joint return.

In support of her claimed deductions, petitioner provided copies of certain checks and other documents. Many of the checks appeared to be for personal expenses. For example, checks were written to chain drugstores, department stores, discount stores, and shoe stores, with no corroboration or explanation that the items purchased were deductible items. An unsigned document purportedly listing cash contributions was not accompanied by any corroborating information, and no evidence of the contributions was introduced at trial. Documents purporting to record noncash charitable contributions contained what appeared to be exaggerated and patently unreasonable amounts for used property allegedly contributed to a charitable organization. The organization shown on the purported receipts was not the organization identified on the Form 1040.

At the time of trial, petitioner's testimony focused on her claim that her former husband recommended the tax preparer for the 2002 tax return, that he subsequently failed to cooperate

with respect to tax matters, and that she relied on her husband with respect to the 2002 tax return. She acknowledged, however, that she had met with the tax return preparer, had provided information to the tax preparer, and had signed her name and her husband's name to the 2002 return.

## Discussion

Aside from the stipulated documents that had been presented to respondent's Appeals officer, petitioner presented no evidence with respect to the disallowed deductions claimed on her 2002 Federal income tax return. She offered no reasonable cause that would avoid the addition to tax under section 6651(a) for late filing of the return. She addressed only her contention that her former husband should be responsible for the deficiency.

Section 6015 provides for relief from joint and several liability only in certain circumstances. Section 6015(b) applies only if, among other things, there is an understatement of tax attributable to erroneous items of the other individual filing the joint return (Xavier White), and the person seeking relief (petitioner) establishes that, in signing the return, she did not know, and had no reason to know, that there was such an understatement. Petitioner has failed to establish either of those requirements. Her signature appears on the checks tendered to substantiate the disallowed deductions, and she directly participated in preparation of the joint return.

Section 6015(c) provides procedures for an individual party to a joint return to elect to limit liability to the amount of a deficiency properly allocable to that individual. Petitioner has not made such an election and, in any event, has not shown that any portion of the deficiency is properly allocable to Xavier White. Petitioner's knowledge with respect to the items giving rise to the deficiency also disqualifies her under section 6015(c). Sec. 6015(c)(3)(C).

Section 6015(f) provides for equitable relief if, taking into account all of the facts and circumstances, it is inequitable to hold an individual liable for a deficiency. (A similar limitation applies to relief under section 6015(b).) Taking into account all of the facts and circumstances shown in this case, we are not persuaded that it is inequitable to hold petitioner liable for the deficiency and addition to tax for 2002. That deficiency results from overstatement of deductions on a return belatedly prepared with her participation, on which she signed her own name and her husband's. As far as the record reflects, the excessive deductions claimed were based on representations by petitioner as to the nature of expenditures represented by checks signed by her and by alleged receipts bearing her name. See Rev. Proc. 2003-61, 2003-2 C.B. 296. She is not entitled to relief under section 6015.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.
